UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BARBARA MORGAN<br><br>Plaintiff,<br><br>v.<br><br>CHAMPION FITNESS<br><br>Defendant. | Case No. 1:13-CV-1593 |

# ORDER

The matter is before the Court on the United States of America's Tenth Motion for Extension of Time to Intervene. (Doc. 24). On December 23, 2013, the United States, by and through *qui tam* relator Barbara Morgan, brought this action under the Federal Civil False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* against Champion Fitness, Inc. (Doc. 1). In essence, Plaintiff alleges that Champion Fitness submitted false bills for physical therapy services to Medicare and private insurance companies in violation of the FCA.

Initially, after the Complaint was filed, this case sat with no activity for nearly nine months, until Magistrate Judge Hawley instructed Plaintiff's counsel on September 10, 2014, to submit a status report. Since that time, the United States has filed **ten** motions for extension of time for the Government to decide if it will intervene in this lawsuit—the most recent one presently before this Court. *See* Docs. 4, 6, 7, 10, 12, 14, 18, 20, 22, 24. The case has remained under seal for the entire four years and four months it has been pending.

Federal law governing false claims cases provides that the "Government may elect to intervene and proceed with the action **within 60 days** after it receives both the complaint and the material evidence and information." 31 U.S.C. § 3730(b)(2). (emphasis added). The Government concedes that the 60-day period expired on May 4, 2014, nearly four years ago. *See* Doc. 6-1. The United States has repeatedly sought extensions under 31 U.S.C. § 3730(b)(3) to determine if it will intervene in this lawsuit. Section 3730(b)(3) provides that the "Government may, for good cause shown, move the court for extensions of the time during which the [false claims] complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera."

The legislative history of the FCA makes clear that Congress did not intend that the Government should be allowed to prolong the period for which to intervene indefinitely. The Senate report states,

> The Committee intends that courts weigh carefully any extensions on the period of time in which the Government has to decide whether to intervene and take over the litigation. The Committee feels that with the vast majority of cases, 60 days is an adequate amount of time to allow Government coordination, review and decision. **Consequently, "good cause" would not be established merely upon a showing that the Government was overburdened and had not had a chance to address the complaint.**

*U.S. ex rel. Costa v. Baker & Taylor, Inc.,* 955 F. Supp. 1188, 1190 (N.D. Cal. 1997) (citing S.Rep. 345, 99th Cong., 2d Sess 24–25 (1986), reprinted in 1986 USCCAN 5266, 5289–90).

The Court has given the United States considerable leeway in seeking extensions of time to intervene in this case. The Court has undertaken a thoughtful

2

review of the record, and finds that the United States has not shown good cause for needing a tenth extension of time to determine if intervention is warranted.

In the present motion, the Government cites two basic reasons for needing another six months to determine whether intervention is appropriate: (1) a new AUSA has been assigned to the case; and (2) it needs more time to reexamine the evidence against Defendant. (Doc. 24). The fact that a new AUSA is assigned to the case is wholly insufficient to establish good cause. As the legislative history specifically notes, an overburdening caseload is not enough to establish good cause. Plus, before this new AUSA was assigned to the case, the United States had more than four years to investigate the claims in this matter.

The Government's need to investigate further and "reexamine" claims is also not enough to show good cause. The Government has cited a need for further investigation in several of its prior motions for extension of time. For example, in its second, third, and fourth motions for extension of time, the United States alleged that it needed more time to continue interviewing witnesses and reviewing records. *See* Docs. 6-1, 7-1, 10-1. In its fifth and sixth motions for extension of time, the United States indicated that it wanted to send and receive responses to subpoena requests. *See* Docs. 12-1, 14-1. The Government's most recent motion indicates that it needs more time to "reexamine" the evidence. (Doc. 24).

Allowing the Government to seek habitual extensions of time to investigate its case ostensibly permits the Government to ignore federal discovery rules. In *United States* ex rel. *Martin v. Life Care Centers of America, Inc.*, 912 F.Supp.2d 618 (E.D. Tenn. 2012), the Court denied a motion under § 3730(b)(3) where the Government

sought continued seal more than four years after the complaint was filed. The Court reasoned that the Government had "apparently used the under-seal period as a means of conducting unchecked discovery in an effort to build a more complete case against Defendant," a practice that "was not contemplated by Congress and is not authorized by the" FCA. *Id.* at 623-24. That is exactly what is going on in this case. The initial 60-day intervention period prescribed in § 3730 demonstrates that Congress contemplated a relatively <u>brief</u> investigation by the Government in order to determine if intervention was appropriate. The investigation in this case, however, has evidently morphed into a full-fledged investigation to determine ultimate liability.

Furthermore, the record indicates that the Government likely had ample information in its possession a year ago to determine if it wanted to intervene. The Government's seventh motion for extension of time, filed on April 20, 2017, demonstrated that the investigation had made substantial progress. (Doc. 18). The motion stated that the United States "cross-referenced information provided by the relator with information made available through the software provided by the defendant's third-party server," and that the "parallel examination appears to confirm that a high percentage of these claims that were submitted by the defendant and paid by Medicare **<u>were false</u>**." *Id.* at 1 (emphasis added). Yet, the United States requested another extension of time because it wanted to "extend a sufficient amount of time to the defendant to consider the evidence presented". *Id.* at 2.

Then, in July 2017, the United States filed an eighth motion for extension of time, requesting 90 extra days, stating that Defendant's responses to the evidence

4

presented "changed the course of the investigation," and that the United States needed time to verify Defendant's account. (Doc. 20). In October 2017, the United States filed its ninth motion for extension of time, requesting another six months because it was waiting on a spreadsheet that the Centers for Medicare/Medicaid Services agreed to create. (Doc. 22).

The Court is unable to locate another case where the United States undertook an investigation of nearly five years to simply determine if intervention was appropriate. *See, e.g.*, *U.S. ex rel. Bilotta v. Novartis Pharm. Corp.,* 50 F. Supp. 3d 497, 506 (S.D.N.Y. 2014) (intervening 2 years and 3 months after complaint was filed); *United States v. King Pharm., Inc.*, 806 F. Supp. 2d 833, 835 (D. Md. 2011) (declining to intervene one year after the complaint was filed); *U.S. ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 190 (E.D. Mo. 1995) (intervening less than two years after complaint was filed). This case has been dragging on for far too long.

The Court does not belittle the fact that this investigation is complicated, but so are the majority of cases filed under the False Claims Act. A complete investigation into Defendant's actions is unnecessary at this juncture. The United States need only decide whether it wants to intervene in this lawsuit. The Government has been given more than enough time to adequately determine that issue.

## CONCLUSION

For the reasons stated, the United States of America's Motion for Extension of Time to Intervene (Doc. 24) is DENIED. IT IS ORDERED that within twenty-one (21) days of the date of this Order that the Government inform the Court whether it

5

intends to intervene in this lawsuit. The Court will not grant any further motions for extension of time in this case. Furthermore, the Court hereby gives notice to the Government that it intends to UNSEAL the entire record in this case and serve the complaint upon the Defendant <u>on May 10, 2018</u>, unless the Government files a motion showing good cause why some or all of the docket should remain under seal.

SO ORDERED.

Entered this 12th day of April, 2018.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
