IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICAN, ex. rel. BARBARA MORGAN, an individual, as Relator under the Federal False Claims Act,<br><br>Plaintiffs,<br><br>v.<br><br>CHAMPION FITNESS, INC., JEFF SCHADE,<br><br>Defendants/Counter-Plaintiffs, | Case No. 1:13-cv-01593-JBM-JEH<br><br>Honorable Judge Joe Billy McDade<br><br>Honorable Judge John Hawley |

**PLAINTIFF'S AND PLAINTIFF'S COUNSEL RESPONSE TO THIS COURT'S SHOW CAUSE NOTICE/ORDER DATED FEBRUARY 9, 2019**

Plaintiff, by and through her undersigned counsel, and Plaintiff's counsel, respond as follows to this Court's February 9, 2019, show cause Notice/Order contained within its February 9, 2019 Opinion denying Defendants' Rule 11 Motion for Sanctions ("Opinion"), and state as follows:

1. In its Opinion, this Court Ordered Plaintiff and her counsel to provide the "evidentiary basis" for statements made by them, and contained at pages 8 and 11 of Plaintiff's Response to Defendants' Motion to Dismiss. *See* Opinion, Docket No. 105, at p. 10.

2. As an initial matter, a point of clarification is necessary.

3. In the Opinion, this Court notes that, at page 8 of Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff and her counsel purportedly argued as follows:

Relator argued ¶¶ 37-50 of the Complaint '**allege that Defendants falsely billed the Government by making claims for payment for services that were purportedly**

> **provided, but which were not actually provided' and 'detail[ed] Defendants' failure to provide services at all, while submitting claims for payment for such services**.'

*Id. citing* Docket No. 42, at pp. 8, 11 (emphasis added).

4. Docket No. 42, cited by this Court in the above-referenced passage of its Opinion, is Plaintiff's Response to Defendants' Motion to Dismiss (hereinafter "Response").

5. Not to be disrespectful to this Court or argumentative, but to be clear, at page 8 of that Response, Plaintiff and her counsel actually did <u>not</u> characterize the allegations of her Complaint in the manner suggested by the above-referenced passage of the Opinion.

6. Instead, at page 8 of her Response, Plaintiff and her counsel actually asserted, in pertinent part, that:

> Thus, because the Relator has alleged that **Defendants falsely billed the Government by making claims for payment for services that were purportedly provided, but which were not actually provided, <u>because the individual providing the services was actually at another site at the same time</u>.**  See Plaintiff's Complaint at paragraphs 37-50.

*Id.* at Docket No. 42, at p. 8 (emphasis and underline added).

7. The underlined material makes what Plaintiff actually stated at page 8 of her Response different than what is referenced in the Opinion.

8. In other words, in the Opinion, no reference is made to the following language found at page 8 of the Response: "**because the individual providing the services was actually at another site at the same time**."  *Id.* (emphasis added).

9. Instead, in the Opinion, that language is omitted when this Court cited to the statements at issue on page 8 of the Response.

10. That omitted language conveys (or certainly attempts to convey) the fact that the services at issue in paragraphs 37-50, which had been billed for, had not been actually provided at all by the person who allegedly performed them (per those billing submissions) "because the

individual providing the services was actually at another site at the same time."

11. That statement at page 8 of the Response does not, as suggested in the Opinion, indicate that no one at the second site could have possibly performed the services billed for – just that they were not performed at all at that second site by the individual who was present at the first site and for whom Defendants billed for the rendering or supervision of services.

12. As already detailed in Plaintiff's Response to Defendants' Rule 11 Motion, that is exactly what the data, in other words the "evidentiary facts," supports: that Defendants billed as though their employees had provided services at a second site, when those employees had not provided those services at the second site at all – because they were at some other site and billing for services at that other site at the same time that they were purportedly performing services at the second site. *See* Plaintiff's Response to Defendants' Rule 11 Motion, Docket No. 66.

13. More importantly, the Seventh Circuit and the District Courts within it have made it clear that "evidentiary facts" are <u>not</u> required to support a party's statements made in his/her response brief to a motion to dismiss.

14. Indeed, based upon the decisional law within the Seventh Circuit, a party-plaintiff opposing a defendant's motion to dismiss does <u>not</u> even need to possess or point to any actual "evidentiary facts" in his/her response to such a motion – or even have any such evidentiary facts that supports what the plaintiff argues in her response to that motion to dismiss. *See, e.g., Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992).

15. This was discussed and made clear in the *Early* case. In that case, the plaintiff filed a lawsuit alleging age discrimination. *Id.* at 959 F.2d at 77. However, in his Complaint, plaintiff's allegations supported an inference that he had not timely filed the case in the first place by failing to timely file a charge of discrimination. *Id.* As the *Early* court put it, the defendant then

"pounced" on that apparent admission in the Complaint, and filed a motion to dismiss. *Id.*

16. However, in his reply (response) brief to that motion to dismiss, plaintiff argued – *without* any affidavit or evidentiary support – that he had in fact timely filed his charge of discrimination by reciting alleged "facts" about his visit to the EEOC, the documents that he had purportedly filled out during that visit, and his communications with the EEOC. *Id.* at 959 F.2d at 77-78. None of those "facts" that appeared in plaintiff's brief in response to the motion to dismiss were contained in his Complaint. *Id.* The District Court granted defendant's motion to dismiss. *Id.* at 959 F.2d at 77-78.

17. In reversing the dismissal of plaintiff's Complaint and the denial of plaintiff's motion to amend his Complaint, the Seventh Circuit pointed out that "a plaintiff is free, in defending against a motion to dismiss, to allege **without evidentiary support** any facts he pleases that are consistent with the complaint in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment." *Id.* at 959 F.2d at 77-78 (emphasis added) (*citing Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir. 1985)). The *Early* court further added that the plaintiff "doesn't, as both Bankers Life [i.e., defendant] and the district judge suggested, have to plead those facts." *Id.* (brackets added) (citations omitted).

18. The Seventh Circuit's holding in *Early* has been subsequently relied upon and approved of by various District Court, including the District Court in *Taahira W. v. Travis*, 908 F.Supp. 533 (N.D. Ill. 1995). In that case, the District Court similarly denied the defendant's motion to dismiss. In so doing, the District Court noted that, "[W]hen responding to a motion to dismiss, a plaintiff may 'allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is set of facts within the scope of the complaint that if proved (a matter

4

for trial) would entitle him to judgment.'" *Id.* at 908 F.Supp. at 536 (*quoting Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir. 1992)). The court in *Travis* denied defendant's motion to dismiss. *Id.* at 908 F.Supp. at 543. *See also Heng v. Heavner, Beyers & Mihlar, LLC,* 849 F.3d 348 (7th Cir. 2017) (the Seventh Circuit *citing* its *Early* case from 1992, including the above-reference language and standard with approval); *Baker v. Certified Payment Processing*, No. 16-cv-03002, 2016 WL 3360464 at *2 (C.D. Ill. June 16, 2016) (*citing Early* with approval).

19. Applying the standard articulated by the Seventh Circuit in *Early* to the present case, it is clear that, with respect to the statements made by Plaintiff and her counsel at pages 8 and 11 of Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff was <u>not</u> required to possess any evidentiary facts supporting those statements.

20. However, as noted above, Plaintiff did in fact possess evidentiary facts to support the statements made at page 8 of her Response.

21. In addition, with respect to the statements made at page 11 of the Response, that reads:

> See Complaint at paragraphs 37-50 (pleading and detailing Defendants' failure to provide services at all, while submitting claims for payment for such services).

*See* Docket No. 42, Response, at p. 11.

22. First of all, in making that statement at page 11, Plaintiff and her counsel were attempting to say the same thing that they argued at page 8. However, they inadvertently omitted the "**because the individual providing the services was actually at another site at the same time**" language on page 11. *Id.* (emphasis added). *See* Leonard Affidavit, submitted herewith.

23. Nonetheless, regardless of that fact, if Plaintiff can ultimately prove that which they stated on at page 11 of their Response, i.e., that Defendants submitted a claim for payment in which they represented that one of their employees either performed supervision or services at one site;

and that Defendants' employees billed for and did not perform services at the second site at all but billed as if they had done so – then that is a set of facts that Plaintiff can rely upon at trial to obtain a judgment in her favor. *Id.*

24. Accordingly, based upon all of the foregoing, there no basis for Plaintiff or Plaintiff's counsel to be subjected to sanctions. Plaintiff and her counsel have not intentionally done anything wrong, and the statements that they made in the Response can, if proven, support a claim for relief.

**WHEREFORE**, Plaintiff, by and through her undersigned counsel, and Plaintiff's counsel, respectfully request that this Court decline to issue sanctions against them in connection with their Response (Docket No. 42), and for such other and further relief as this Court deems appropriate.

**RESPECTFULLY SUBMITTED,**

*Counsel for Plaintiff/Relator*

By: s/Michael I. Leonard
**LEONARDMEYER LLP**
Michael I. Leonard
120 North LaSalle, 20th Floor
Chicago, Illinois 60602
(312)380-6559 (direct)
(312)264-0671 (fax)
mleonard@leonardmeyerllp.com

## CERTIFICATE OF SERVICE

The undersigned states that, on March 5, 2019, he caused the above document to be served upon opposing counsel by way of e-filing it using this Court's ecf system.

|  |  |
|---|---|
|  | *Counsel for Plaintiff/Relator* |
| **By:** | **s/Michael I. Leonard** |
|  | **LEONARDMEYER LLP** |
|  | Michael I. Leonard |
|  | 120 North LaSalle, 20th Floor |
|  | Chicago, Illinois 60602 |
|  | (312)380-6559 (direct) |
|  | (312)264-0671 (fax) |
|  | mleonard@leonardmeyerllp.com |